

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0338-09

**CORBETT K. WEINN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### LUBBOCK COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEASLER, and HERVEY, JJ., joined.**

The Court relies on *Lopez*[1] for the proposition that the gravamen of the statute at issue here is "the quantity of drugs" as opposed to "the type of action taken." The Court bases its holding today on the *Lopez* "continuum theory," which says that manufacturing, possessing with intent to deliver, and delivering are "all points along the spectrum of the offense of drug trafficking." They are all alternative ways to commit a single offense–the offense of "distribution of dangerous drugs in our society," "regardless of where on the continuum the perpetrator is caught." As I have said before,

---

[1] *Lopez v. State*, 108 S.W.3d 293 (Tex. Crim. App. 2003).

the big problem with the continuum theory is that it means that a person who manufactures a controlled substance is free to later sell that substance to a third party without subjecting himself to prosecution for an additional offense.[2]

In order to avoid this irrational outcome, the Court engages in some strange maneuvers. It refers to supposed holdings in this case and in *Guerrero*[3] that manufacture and delivery of drugs are separate offenses, even though those were not the offenses at issue in either case, and even though *Guerrero* was a plurality opinion. More importantly, it chops off the end of the *Lopez* continuum, even though that is the only basis for its holding in this case. If "distribution of dangerous drugs" is not a single offense, as the Court held in *Lopez*, then not only has the Court overruled that opinion *sub silentio*, it has lost the footing for its holding today.

I respectfully dissent.

Filed: June 30, 2010
Publish

---

[2] *Id.* at 302 (Keller, P.J., concurring).

[3] *Guerrero v. State*, 305 S.W.3d 546 (Tex. Crim. App. 2009).